512

Submitted on record and briefs March 18, affirmed
June 18, 1969

KPOJ, INC., *Respondent, v.* THORNTON ET AL,
*Appellants.*

456 P2d 76

Robert Y. Thornton, Attorney General, and Louis
S. Bonney, Assistant Attorney General, Salem, for
appellants.

Cleveland C. Cory and Davies, Biggs, Strayer,
Stoel & Boley, Portland, for respondent.

Before PERRY, Chief Justice, and SLOAN, O'CON-
NELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a suit in which plaintiff prays for decree declaring ORS 260.350 unconstitutional. Defendant Clay Myers, Secretary of State, and Robert Y. Thornton, Attorney General at the time the notice of appeal was filed, appeal from a decree declaring the statute unconstitutional.

Plaintiff is engaged in the business of broadcasting by radio. Plaintiff alleges that it was engaged in selling to certain candidates and political parties and organizations broadcast time on November 6, 1968, the date of the general election, for the purpose of making it possible for them to ask, solicit, and try to induce or persuade the voters to vote for their respective candidates. Plaintiff alleges that if it had broadcast such political advertising on that date it would be subject to prosecution under ORS 260.350 which provides as follows:

"(1) No person shall, at any place on the date of any election, ask, solicit or in any manner try to induce or persuade any voter on such election day to vote for or refrain from voting for any candidate, the candidates or ticket of any political party or organization or any measure submitted to the people.

"(2) Violation of this section is punishable, upon conviction, by a fine of not less than $5 nor more than $100 for the first offense. The second and each subsequent offense occurring on the same or different election days is punishable, upon conviction, by a fine of not less than $5 nor more than $100, or by imprisonment in the county jail for not less than five nor more than 30 days or both."

Plaintiff contends that ORS 260.350 is an invalid restraint on freedom of expression guaranteed by Article I, § 8 of the Oregon Constitution and the First Amendment of the Constitution of the United States.

In *Mills v. Alabama*, 384 US 214, 86 S Ct 1434, 16 L Ed2d 484 (1966) the Court held invalid a similar provision of the Alabama Corrupt Practices Act.[1] The Court held that the statute violated the First Amendment of the United States Constitution.

We are unable to see any material distinction between the Alabama statute and ORS 260.350. Therefore *Mills v. Alabama, supra,* is controlling and the decree of the trial court declaring ORS 260.350 unconstitutional must be affirmed.

---

[1] Alabama Code, 1940, Title 17, § 285, which made it a crime "* * * to do any electioneering or to solicit any votes * * * in support of or in opposition to any proposition that is being voted on on the date on which the election affecting such candidates or propositions is being held."